in the sum of $33,925. That instrument, so far as here material, provided that Wapnick would " at all times render himself amenable to any mandate which may be issued to enforce final judgment against him in [the] action." In 1961 plaintiff obtained judgment against Wapnick in a sum in excess of the amount specified in the undertaking and that judgment was affirmed by this court (20 A D 2d 969). Meanwhile and in February, 1962 Wapnick was convicted of criminal charges in a United States District Court and was confined in a Federal penitentiary from July, 1963 to February, 1966. Plaintiff having failed to collect the money judgment from Wapnick commenced this action against the surety seeking to recover the penal sum of the undertaking. The gravamen thereof was that the surety had breached its promise that Wapnick would at all times render himself amenable to process to enforce the final judgment. " The general rule is that if the principal on a bail bond given in a civil action is in prison for a criminal or other charge at the time designated for his appearance, the bail cannot be held liable for a failure to produce him ". (8 Am. Jur., 2d Bail and Recognizance, § 195; *Yancey* v. *Lowe,* 47 N. J. Super. 86.) See, also, *People* v. *Tubbs,* 37 N. Y. 586; *People* v. *Peerless Ins. Co.,* 21 A D 2d 609, 618. It follows that the condition of the bond was impossible of performance by defendant while Wapnick was incarcerated. Moreover, it is not disputed that Wapnick has been at liberty and residing in this State for the past year. Thus, he has been available during that time so that plaintiff could pursue available procedures for satisfaction of the judgment. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and Bastow, JJ.

■ In the Matter of BURTON N. PUGACH, Petitioner, v. HYMAN KORN, as a Justice of the Supreme Court of the State of New York, County of New York, et al., Respondents.—— Application dismissed, without costs and without disbursements, having become academic by virtue of the order of the Supreme Court, New York County, entered on January 17, 1967, dismissing the complaint with prejudice. No opinion. Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.

■ CHARLIE HAWTHORNE, Respondent, v. ROYAL LAND DEVELOPMENT CORP., Appellant. —— Order entered October 6, 1966, herein appealed from, unanimously reversed, on the law and in the exercise of discretion, with $30 costs and disbursements to appellant, and the motion to dismiss granted, with $10 costs. The accident allegedly happened June 5, 1963. Action was commenced April 24, 1964, and issue joined June 1, 1964. Since that time no further steps have been taken. Plaintiff defaulted with respect to a physical examination, failed to oppose the motion to dismiss, and does not now offer any excuse for the general delay. Accordingly the motion is granted (CPLR 3216; *Commercial Credit Corp.* v. *Lafayette,* 17 N Y 2d 367). Concur — Stevens, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. WESLEY JOHNSON.—— Appeal from the order of the Supreme Court, New York County, entered on March 25, 1966, is moot and the appeal dismissed, since a hearing and resentencing have been effected as a result of the remand of this court on November 3, 1966. Concur — Stevens, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. WESLEY JOHNSON.—— Motion to dismiss appeal dismissed, having become academic by virture of the decision of this court on motion [27 A D 2d 725] decided herewith. Concur — Eager, J. P., Steuer, Capozzoli and Tilzer, JJ.